CHRISTIAN, J.,
delivered the opinion of the court.
This is an application to this court invoking its original jurisdiction by way of mandamus.
*The petition is filed by John D. a commissioner of the nue for the county of Giles.
Upon the filing of the petition in this court, a rule was awarded against John E. Massey, auditor of public accounts, who answered the rule, to which answer the petitioner tendered a demurrer. The case, is before us therefore upon the petition, answer, and demurrer. From Jhese the following facts are disclosed, and upon these facts, together with the statute relied upon, in the answer of the audit- or the decision of this court must turn.
On the 31st March, 1873, a joint resolution was adopted by the general assembly proposing certain amendments to the Constitution. which were afterwards adopted, by a vote of the people. Among these amendments was the following “Article VII. —County Organization.” “There shall be elected by the qualified voters of the county, one sheriff, one Commonwealth’s attorney, * * * * one county clerk * * * and so many commissioners of the revenue as may be provided by law.” Sess. Acts 1872-3, p. 274-5.
By an act approved March 16th, 1874, entitled “an act prescribing general provisions in relation to commissioners of the revenue, and the assessment of taxation.” &c., it was provided that there shall be four commissioners of the revenue for certain counties (naming them) and two commissioners for certain counties (naming them) and one commissioner for every other county to be elected by the qualified voters thereof. Among the counties for which two commissioners are prescribed is the county of Giles. This act further provides that the term of office of the commissioners of the revenue, shall commence on the 1st day of July next after their election, and continue for four years from the day when their terms of office respectively *commenced, unless sooner removed. The act further provides, that in those counties in which there may be more than one commissioner, each shall be for a certain district, the bounds whereof shall be laid off and described by an order of the county court; * * * * and makes it the duty of the county judge of such counties to lay off and provide such districts.
Under the provisions of this-act the county of Giles was divided by the county judge into two districts, defined by certain boundaries in its order, as district No. 1, and district No. 2.
At the general election held by the voters of Giles county on the fourth Thursday in May, 1879. petitioner John D. Peters was duly elected commissioner of the revenue for district No. 1, for the term of four years, from and after 1st July, 1879. He qualified and gave bond as commissioner of the revenue for district, No. 1, in the mode prescribed by law. At the same general election in May, 1879, one Floyd Williams was elected commissioner of the revenue for district No. *473 3, of Giles county, and also qualified by giving the bond required by law as such commissioner of district No. 3.
On the 9th March, 1880, the following act was passed:
“1. Be it enacted by the general assembly, That the district known as district No. 1, for the purpose of electing a commissioner of the revenue lying west of New river in Giles county is hereby abolished, and hereafter said county shall have but one commissioner of the revenue and on the fourth Thursday in May, 1883, and every four years thereafter, there shall be elected by the qualified voters of said county, one commissioner of the revenue for said county, whose term shall commence on the 1st July thereafter.
*“3. All acts and parts of acts in conflict with this act are hereby repealed.
“3. This act shall be in force from its passage.”
On the 4th May, 1880, the auditor of public accounts, sent to the said John D. Peters, commissioner of the revenue for district No. 1, Giles county, the following communication by postal card addressed to John D. Peters, Esq., late commissioner of the revenue district No. 1,Pearisburg, Giles county, Virginia:
“District No. 1, Giles Co., John D. Peters late com’r of rev., was abolished by act of March 9th, 1880. Through oversight, the blank books and forms were sent to you. Please deliver them to Floyd S. Williams, who will assess the county this year. The binder mailed them through mistake.
“Yours resp’y,
“Jno. E. Massey,
“Aud. P. A.”
On the 19th May the petitioner John D. Peters addressed to the auditor the following note:
“D’r Sir: You will please send me as soon as possible four property books and four land books, so that I will be able to complete my work in good time.
“(Signed) Jno. D. Peters.”
To this communication the auditor responded refusing to send to petitioner the four land books and property books demanded, and informing him that upon consultation with the attorney-general, he had concluded that the office of commissioner of the revenue for the district No. 1 was no longer in existence; that the "(legislature had a right to abolish and did abolish that office by the act of March 9, 1880, above referred to.
Thereupon John D. Peters applied to this court for a rule against John E. Massey, auditor of public accounts, to show cause why a writ of mandamus should not be awarded compelling the auditor to deliver to him' the land and property books demanded. The rule was accordingly awarded.
To that rule the auditor filed his answer, with which he exhibits a copy of the act of March 9, 1880. and insists that by that act the revenue district of Giles county of and for which the petitioner was commissioner, known as district No. 1, was abolished, and that said act by its terms took effect from its passage. That the books demanded by petitioner were for the purpose of commencing-work after his said office was abolished: that the legislature had the right to prescribe the number of commissioners for every county or corporation, and has the right to change the number from time to time as the interest of the State may demand. That the legislature having abolished the office of said petitioner, respondent considered it his duty to withhold the official books demanded.
To this answer the petitioner demurred; and the question we have to determine, is made by the petition, answer and demurrer.
Our decision must turn upon the true construction to be given to the act of March 9th, 1880, already quoted.
Did the legislature intend to abolish, and did they in fact abolish, the office of commissioner of the revenue for district No. 1 of Giles county?
Undoubtedly the legislature has the power to prescribe the number of commissioners of the revenue for each county and corporation in the State. Whether after having prescribed the number, and after the election *and qualification of the prescribed number, the legislature by abolishing the district can abolish the office, created by the Constitution, before the term fixed expires, is a very grave question, and one which we are not called upon to decide in this case. The real queslion before us depends upon whether the act of March 9th, 1880, is prospective or retrospective in its operation. The act itself is not clear and unambiguous in its terms. It was manifestly carelessly and inartificially drawn. It does not on its face, and in unmistakable terms, speak its meaning, but that meaning can only be ascertained by the application of fixed rules of construction. The title of an act is often, but not always, a sure guide to the true meaning and intent of the legislature, especially in this State, where the Constitution in terms requires that the object of the law shall be expressed in its title. Looking to the title of the act under consideration, we find it to be “an act to provide for the election of one commissioner of the revenue for the county of Giles.”
The body of the act refers to the election of one commissioner instead of two. Tt does not pretend to abolish the office of commissioner elected for district No. 1; but simply provides that “the district known as district No. 1. for the purpose of electing a commissioner of the revenue, &c.. is hereby abolished.” And then declares that “hereafter said county shall have but one commissioner, and on the fourth Thursday in May, 1883, and every four years thereafter, there shall be elected by the qualified voters of said county one commissioner of the revenue for said county', whose term shall commence on the 1st July thereafter.”
Now must this statute be construed so as to make it retrospective, and thus abolish an office already created, and in existence by a vote of the people, or shall we *474 *give to it a construction which makes it prospective in its operation?
There is no doubt that the legislature has the power to enact retrospective laws,, provided those laws are not in conflict with the Federal or State Constitutions, are not ex post facto in their nature or operation, do not impair the obligation of contracts, nor disturb vested rights.
While this power is conceded, its exercise is universally admitted to be liable to great abuse; and some of the States deny the power to their legislatures by express constitutional amendments. Legislation generally looks to the future; and in seeking the legislative intent Mr. Cooley lays it down as a sound rule of construction — '“that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively.” Cooley Con. Lim. 370 (marg.) and cases cited.
It was said by Chancellor Walworth “to be a general rule in the construction of statutes, that they are not to have a retroactive effect so as to impair previously acquired rights. 'And courts of justice will apply new statutes to future cases which may arise, unless there is something in the nature of the new provisions adopted by the legislature, or in the language of such new statutes which show that they were intended to have a retrospective operation.” See Pollen’s Dwar. 162, 166; Sedgwick 161, 172; see also Judge Burks’ opinion in Price, ex’or, v. Harrison’s ex’or, 31 Gratt. 114, 119-20; and Judge Staples’ opinion in Town of Danville v. Pace, 25 Graft. 1, 19.
According to the rules of construction established by these authorities, I am constrained to hold and declare that the act of March 9, 1880, was prospective in its effect and operation, and did not have the effect to remove the petitioner John D. Peters from his office *of commissioner of the revenue for district No. 1, of Giles county.
But there is another rule of construction of statutes recognized by this court, and by the supreme court of the United States, which applies with potent effect, to the proper construction of the act before us. That rule is stated thus by an eminent chancellor of New York, adopted by the supreme court of the United States, as follows: “A construction of a statute which will necessarily be productive of practical inconvenience to the community, will be rejected, unless the language of the law-giver is so plain as not to admit of a different construction.”
Now if the construction contended for by the auditor and attorney-general be correct, and the act of March 9, 1880, in fact abolished the office of commissioner of the revenue for district No. 1, in Giles county, the question recurs, Who is to discharge the duties of the commissioner in district No. 1? Can the commissioner of district No. 2 discharge those duties?
He was elected commissioner of the revenue for district No. 2. He qualified and gave bond for the faithful discharge of his duties as commissioner of the revenue for district No. 2. He cannot transfer his duties and obligations to another district for which he was not elected, and for which he never qualified or gave bond. The result of the construction of the act of March 9th, 1880, as interpreted by the auditor, would be, that in one-half of the county of Giles, no commissioner of the revenue elected by the people, could act; but that there would be assigned to another commissioner, elected by the people of another district, the duties which he was never elected to perform, and never gave bond for the performance of any such obligation.
*Upon the whole case, I am of opinion that the act of March 9th, 1880, was not. intended to abolish the office of commissioner of the revenue for district No. 1 of Giles county, but that said act was prospective in its operation, and only intended to declare that at the next general election there should be one commissioner of the revenue instead of two elected by the people.
The result of these views and the principals of construction herein declared is, that a peremptory mandamus will'be awarded by this court to compel John E. Massey, auditor of public accounts, to furnish to the petitioner John D. Peters the land and property books which he demanded and to which he is entitled.
The clerk of this court will therefore issue a peremptory mandamus.
The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the questions of law presented by the defendant’s return to the rule heretofore awarded in the cause, and the plaintiff's demurrer to said return, together with the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the plaintiff is entitled to a writ of mandamus in the premises: Therefore it is considered that a peremptory mandamus be. and the same is hereby awarded the plaintiff to be directed to the said Hon. John E. Massey, auditor of public accounts, requiring him with all proper dispatch to furnish the plaintiff, as commissioner of the revenue for district No. 1 of Giles county, four 'blank land books, and four blank personal property books, as in the plaintiff’s petition mentioned, to enable him to complete the discharge of the duties of his said office for the current year.
Mandamus ordered.